# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ROGER NELSON,<br><br>    *Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, AND TRANSPORTATION SECURITY ADMINISTRATION<br><br>    *Defendants.* | CIVIL NO. 6:06cv00050<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss, filed on April 25, 2007 (docket entry no. 9). For the following reasons, this motion is hereby GRANTED.

## I. BACKGROUND

Plaintiff's allegations, accepted as true for present purposes, are as follows. Plaintiff is a Virginia resident who sought to renew his Virginia Commercial Drivers License ("CDL") on January 16, 2006. At the time, Plaintiff had a hazardous materials ("hazmat") endorsement on his CDL. Plaintiff was told by a Virginia Department of Motor Vehicles ("DMV") official that, in order to retain his hazmat endorsement, he needed to be fingerprinted, for a fee of $83.00. In requiring Plaintiff to be fingerprinted before obtaining the hazmat endorsement, the DMV was complying with a Transportation Security Administration ("TSA") regulation, 49 C.F.R. §1572. The regulation requires that an applicant seeking a hazmat endorsement on his CDL submit his fingerprints for a background check.

Plaintiff refused to be fingerprinted, claiming that his fingerprints had previously been collected by government agencies. Because of his refusal, he was unable to renew the hazmat

endorsement on his CDL. As a result of the loss of his hazmat endorsement, Plaintiff lost his employment with a local fuel oil company.

Plaintiff claims that Virginia is unconstitutionally being required to enforce a federal regulatory program. He seeks a ruling that the regulation requiring fingerprinting for hazmat endorsements is unconstitutional, as well as compensatory and punitive damages.

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), claiming: 1) 49 U.S.C. §46110 vests exclusive jurisdiction to review TSA's regulation in the Courts of Appeals; 2) Plaintiff lacks standing to raise his Tenth Amendment challenge; and, 3) the Court lacks jurisdiction over Plaintiff's claim for damages. Defendants also include a Federal Rule of Civil Procedure 12(b)(6) defense, claiming that TSA's fingerprinting regulation is constitutional.

## II. APPLICABLE LAW

Judicial review of orders issued under 49 U.S.C. §114(l) is governed by 49 U.S.C. §46110. Section 46110(a) provides that "a person disclosing a substantial interest in an order issued by the [TSA] in whole or in part under ... subsection (l) ... of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the Court of Appeals of the United States for the circuit in which the person resides or has its principal place of business."

"Subsection (l)" refers to 49 U.S.C. §114(l), which establishes TSA's general power to issue regulations: "[TSA] is authorized to issue, rescind, and revise such regulations as are necessary to carry out the functions of the Administration." One of these functions, found in §114(d), is ensuring "security in all modes of transportation."

The conclusion gleaned from precedent is that §46110(a) vests exclusive jurisdiction to

review orders issued by TSA pursuant to 49 U.S.C. §114(l) in the Courts of Appeals. *See Comm. to Stop Airport Expansion v. F.A.A.*, 320 F.3d 285, 290 (2d Cir. 2003) (holding that courts of appeals have exclusive jurisdiction over orders issued pursuant to the parts of the Code listed in §46110); *City of Alexandria v. Helms*, 728 F.2d 643, 645 (4th Cir. 1984) (holding that 49 U.S.C. §1486, the predecessor to §46110(a), vests review of orders specified by the statute exclusively in the Courts of Appeals); *Alliance for Legal Action v. F.A.A.*, 2003 WL 21546006, at *4 (4th Cir. 2003) (unpublished) (holding that the Courts of Appeals have exclusive jurisdiction over an application or petition for review challenging an order covered by §46110(a)).

## III. APPLICATION

Plaintiff seeks this Court's review of 49 C.F.R. §1572, the TSA order requiring the fingerprinting of drivers seeking hazmat endorsements. However, §46110(a) vests exclusive jurisdiction to review orders issued by TSA pursuant to 49 U.S.C. §114(l) in the Courts of Appeals. I find that the regulation requiring fingerprinting is an order under §46110(a), issued pursuant to 49 U.S.C. §114(l). Accordingly, this District Court lacks subject matter jurisdiction to hear Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is hereby granted. Plaintiff's claim is hereby DISMISSED WITHOUT PREJUDICE, and the clerk of the court is hereby DIRECTED TO STRIKE this case from the docket of the Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

Date: June 7, 2007

- 4 -